UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 05- 119 T

KENNY BARNES :

MOTION TO SUPPRESS

NOW comes the defendant, Kenny Barnes, and moves to suppress the physical evidence, specifically, the quantity of cocaine base seized at the Woonsocket Police Department on August 26-27, 2005. In support of this motion, the defendant states that the seizure of the cocaine base was in violation of his rights under the Fourth Amendment to the United States Constitution.

KENNY BARNES,
BY HIS ATTORNEY,

EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

# CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Zechariah Chafee, AUSA on the 23rd day of December, 2005.

________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 05-

KENNY BARNES :

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS

The defendant, Kenny Barnes, has moved to suppress the physical evidence, specifically, the quantity of cocaine base seized at the Woonsocket Police Department on August 26-27, 2005. In support of this motion, the defendant claims that the seizure of the cocaine base was in violation of his rights under the Fourth Amendment to the United States Constitution.

In particular, the defendant claims that the cocaine based was seized in violation of the fourth amendment to the United States Constitution because the strip search and visual body cavity search performed by members of the Woonsocket Police Department was made without probable cause. To the extent that members of the Woonsocket Police Department had any suspicion that Kenny Barnes would be in possession of a controlled substance inside his buttocks, this suspicion was based on violations of his fourth amendment rights, specifically, an

unconstitutional search of the trunk of his vehicle.

I. Facts

According to Patrolman George McCann, he observed the defendant's vehicle on August 27, 2005 at approximately 2257 hours, or 10:57 in the evening. ( Patrolman McCann's report is attached hereto.) Upon learning that Mr. Barnes' Rhode Island driver's license was suspended, Patrolman McCann appropriately took Mr. Barnes into custody for a misdemeanor offense of driving on a suspended license. Significantly, just prior to placing Mr. Barnes in handcuffs, Patrolman McCann asked Barnes " if there was anything in the car I should know about." At that point, McCann advised Barnes that " that I would take him to the station, process him and release him on a summons to appear in District Ct.. "

According to McCann, Lt. Picard then asked Barnes " who he would like to tow his auto and he replied, Roy's Towing." It is of great significance in the out-come of this motion to suppress whether the police had the right to have the vehicle towed to the police station, as the defendant's girlfriend was present and presumably could have parked the vehicle in a legal spot. At least according to the report, no inquiry was made as to whether or not the defendant's girlfriend had a valid license and could have removed the vehicle from the street where it was parked.

The defendant has issued a motion for issuance of a subpoena duces tecum for, among other things, the Woonsocket Police Department's written policies on the towing of vehicles. ( Copy attached hereto ).

Even if the towing and subsequent inventory of the vehicle were proper, the best case scenario for the Government is that the defendant was charged with the possession of marijuana, a misdemeanor, as of the time that that the defendant was required to submit to a strip search and visual body cavity inspection. The Government must show that the defendant's possession of marijuana supplied probable cause to search for drugs in his buttocks.

2. Applicable Law

A strip search is only lawful if the "circumstances reasonably justify such an intrusive invasion of privacy." United States v. Cofield, 391 F. 3d 334, 336 ( 1st Cir. 2004) ( citing Bell v. Wolfish, 441 U.S. 520, 559 (1979) ). Bell v. Wolfish teaches that a court assessing the legality of a strip search must look at the totality of the circumstances presented to law enforcement, such as, " the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it is conducted. " 441 U.S. at 559. In Cofield, the First Circuit provided some guidance for district courts. " The inquiry is of a practical nature, calling for a sensible assessment of the circumstances. " 391 F.3d at 336.

When measured by the yardstick provided by the Supreme Court in Bell, the actions of the Woonsocket Police officers fall well short of the mark. The best case for justifying the strip search and visual body cavity search was the fact that the defendant had possessed marijuana in his vehicle. There is no evidence that the defendant was involved in any drug sales activity on the night in question. His vehicle was parked in what was the police vaguely refer to as a "known drug area", but that alone would not justify the extreme intrusion of a strip search and visual body cavity search. In a similar vein, the fact that the defendant had been wounded by gunfire does not justify requiring a suspect to submit to a strip search and visual body cavity search.

For all of these reasons, the defendant respectfully moves that this Honorable Court suppress the quantity of cocaine base seized from the defendant at the Woonsocket Police Department on August 26-27, 2005.

KENNY BARNES,
BY HIS ATTORNEY,

EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

## CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Zechariah Chafee, AUSA on the 23rd day of December, 2005.

______________________________