UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 05-119-T |
| | ) | |
| KENNY BARNES, | ) | |
| Defendant. | ) | |

GOVERNMENT'S OBJECTION TO MOTION TO SET BAIL

The government objects to defendant's motion to set bail for the following reasons:

First, there is a presumption against bail in felony drug cases such as this one, see 18 U.S.C. § 3142(e) & (f), and the Magistrate Judge earlier concluded that there is a serious risk that defendant will flee and that he presents a danger to the community. (Attached Order of Detention.)

Second, although the government is now seeking authorization to appeal this Court's order suppressing the crack cocaine pursuant to 18 U.S.C. § 3731, and although it may file a protective notice of appeal in the near future, the pertinent statute states: "The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order." 18 U.S.C. § 3143(c). In other words, the pendency of a government appeal will not alter the substantive bail standard. Moreover, defendant will be protected from undue delay because section 3731 specifically requires that in the event of an appeal

(1) the United States Attorney must certify that the appeal is not "for purpose of delay" and (2) such appeals "shall be diligently prosecuted." 18 U.S.C. § 3731.

Third, notwithstanding the Court's suppression ruling, it is still the case that: (1) "[t]he crime involves crack cocaine"; (2) "the weight of the evidence is great"; (3) "the defendant has felony convictions for drugs"; (4) "the defendant appears to have been on probation when he allegedly committed the instant offense"; and (5) the defendant's "employment record is spotty". (Attachment at 1.) Moreover, defendant faces a mandatory minimum ten-year sentence upon conviction if the government files an information under 21 U.S.C. § 851 based on his prior drug convictions.

Fourth, the fact of the suppression ruling says nothing at all about the risk of danger, and it says very little if anything about the risk of flight. Even if the Court were to consider in the bail analysis the odds that a government appeal will be successful, that factor would not tip the balance because the odds of success are actually quite high. The government now explains this latter point.

An appeal of the Court's suppression ruling will likely focus on the following issues, among others:

First, in ruling that Detective Turgeon's specific information about defendant's practice of cheeking his drugs could not be considered as part of the reasonable suspicion analysis because

Turgeon did not communicate that information to Patrolman McMann, the Court appears to have overlooked the collective-knowledge rule, which requires consideration of "the collective knowledge and information of all the officers involved." United States v. Paradis, 802 F.2d 553, 557 (1st Cir. 1986); accord United States v. Pardue, 385 F.3d 101, 106-07 (1st Cir. 2004) (employing Paradis standard); Sheehy v. Town of Plymouth, 191 F.3d 15, 19 (1st Cir. 1999) (same); United States v. Bizier, 111 F.3d 214, 217 (1st Cir. 1997) (same). Or as the First Circuit has also put it: "[T]he focus is upon the collective knowledge possessed by, and the aggregate information available to, all the officers involved in the investigation." United States v. Winchenbach, 197 F.3d 548, 555 (1st Cir. 1999); accord United States v. Capelton, 350 F.3d 231, 240 (1st Cir. 2003); United States v. Fiasconaro, 315 F.3d 28, 35-36 (1st Cir. 2002).

The collective-knowledge rule applies to strip searches. See Burns v. Loranger, 907 F.2d 233, 236 n.7 (1st Cir. 1990). Moreover, the rule does not require that officers be physically present in the same area before their knowledge can be aggregated. For example, an officer need not be present "on the scene" of an arrest for his knowledge to be imputed to arresting officers. Fiasconaro, 315 F.3d at 35-36. Also, while the First Circuit once hinted at the possible wisdom of a rule requiring some actual communication of the information at issue as between officers, see United States

v. Meade, 100 F.3d 190, 194 (1st Cir. 1997), that statement was dismissed as dicta in United States v. Bashorun, 225 F.3d 9, 13-16 & n.2 (1st Cir. 2000), and other circuits have refrained from requiring actual communication, see United States v. Jensen, 425 F.3d 698, 704-06 (9th Cir. 2005) (citing United States v. Bernard, 623 F.2d 551, 560-61 (9th Cir. 1980), and United States v. Del Vizo, 918 F.2d 821, 826 (9th Cir. 1990)); United States v. Parra, 402 F.3d 752, 764-66 (7th Cir. 2005) (citing United States v. Nafzger, 974 F.2d 906, 911 (7th Cir. 1992)).

If the information possessed by Turgeon and McMann is aggregated, there was plainly reasonable suspicion (if not probable cause) to believe that defendant might be concealing contraband between his buttocks. This issue alone will likely require reversal of the suppression ruling and at the very least a remand.

Second, the government will likely argue in the alternative that even if the information known to the two officers is considered separately, each officer individually possessed the requisite reasonable suspicion. The Court noted that there was "clearly" reasonable suspicion that defendant might have contraband under his clothes, justifying the initial strip search. It is no great leap to conclude that defendant might have had contraband in a body crevice such as between his buttocks, particularly since there was both a large and a small bag of marijuana seized from his car.

Third, although not essential to its case, the government expects it will contest several of the Court's factual findings. By way of example only, the Court appeared to find that it is unlikely (a) that marijuana can be cheeked or (b) that a marijuana dealer would keep a large supply of marijuana in his car and also a retail amount of marijuana between his buttocks. This is contrary to the express testimony of McMann, who stated that in his own personal experience dealers do in fact cheek both cocaine and marijuana. It is also contrary to the case law, which reflects that, not only is it physically possible but that it actually happens with some regularity.[1] The fact that defendant had a large bag of marijuana in his car did not make it less likely that he would have a smaller bag of marijuana concealed between his

---

[1] See United States v. Brack, 188 F.3d 748, 758 (7th Cir. 1999) (bag of marijuana and bag of cocaine concealed between buttocks); Liston v. Steffes, 300 F. Supp.2d 742, 749 (W.D. Wisc. 2002) (bag of marijuana concealed between buttocks); Dodge v. County of Orange, 282 F. Supp.2d 41, 69 (S.D.N.Y. 2003) (two bags of marijuana concealed between buttocks); State v. Ellison, 772 N.E. 1222, 1223 (2002) (marijuana concealed between buttocks); Fontaine v. State, 762 A.2d 1027, 1030 (2000) (bag of marijuana and bag of crack cocaine concealed between buttocks); Webb v. State, 714 N.E.2d 787, 788 (1999) (bag of marijuana concealed between buttocks); cf. United States v. Walker, 181 F.3d 774, 775-76 (6th Cir. 1999) ("plastic bag containing approximately 40 rocks of crack cocaine hidden between [defendant's] buttocks"); Franklin v. Lockhart, 883 F.2d 654, 655 (8th Cir. 1989) (20-gauge shotgun shell concealed between buttocks). The government notes that the U.S. Marshals for this district once discovered that a defendant had successfully cheeked an entire cell phone (which he proceeded to use while incarcerated), and that it is aware of another case (from out of state) where the defendant successfully cheeked a loaded handgun.

buttocks. One of the obvious benefits of cheeking is that it allows dealers to carry retail-size amounts of drugs for sale on the street; it is not necessary for dealers to carry their entire supply this way. Moreover, the smaller bag of marijuana recovered from the car is, presumably, an example of the very type of baggie that could be cheeked.

In sum, to the extent that it matters to the bail analysis, the government expects that it will be authorized to appeal and that it will prevail on appeal even if all of the Court's factual findings are sustained.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

DONALD C. LOCKHART
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd of June, 2006, I served a copy of this objection, by first-class mail, postage prepaid to:

Edward C. Roy, Esq.
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

# United States District Court

DISTRICT OF Rhode Island

UNITED STATES OF AMERICA
V.

KENNY BARNES
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number: CR 05-119T

FILED DEC 21 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I — Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in ________________.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §801 et seq..
- ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) ~~(a preponderance of the evidence)~~ that

The crime involves crack cocaine, the weight of the evidence is great, the defendant has felony convictions for drugs, the defendant appears to have been on probation when he allegedly committed the instant offense, his employment record is spotty and therefore defendant presents both a danger to the community and a serious risk that he will not appear in court.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 12-21-05

David L. Martin
*Signature of Judicial Officer*

David L. Martin, U.S. Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).