**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR05-119T** |
| | ) | |
| **KENNY BARNES** | ) | |

---

**RENEWED MOTION TO SET BAIL**

Now comes Kenny Barnes, the Defendant in the above captioned matter, and moves to set reasonable terms of release in this matter, in consideration of the fact that the Court has entered and Order suppressing the cocaine base which was seized from the Defendant by Woonsocket Police.

Respectfully Submitted
Kenny Barnes,
By and through his counsel

Edward C. Roy
Assistant Federal Defender

Certification

I hereby certify that I caused this motion to be delivered to AUSA Zechariah Chafee, 50 Kennedy Plaza, 8th Floor, Providence 02903 on this the 14th day of July 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 05-119 T |
| KENNY BARNES | : | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SET BAIL

The defendant did not file a memorandum of law with the earlier motion to set bail filed in this case. The defendant seeks a bail hearing before the district court with the benefit of an up-dated Pre-trial Services Report.

While the defendant disagrees with the Government concerning the chances of success of the appeal filed in this case, the defendant does agree that the district court must look at the provisions of 18 U.S.C. § 3142. Obviously, the only factor that has changed is the weight of the evidence. See 18 U.S.C. § 3142(g)(2). The defendant does have a substantial criminal record, however, now that the district court has suppressed the evidence against the defendant, there does exist a condition that can allow the defendant to be released while protecting any concerns the court might have for either the public's safety or the defendant's possible flight: home confinement, with an electronic monitoring bracelet.

The government claims that there is a substantial likelihood that the Court of Appeals will reverse the judgment of the district court. The defendant disagrees with that contention primarily because the decision suppressing the evidence was based on facts determined by the district court, who had the benefit of live witnesses. The district court obviously made some credibility determinations based on the two witnesses it heard. The factual determinations of

a district court are reviewed on appeal for clear error. See United States v. Luciano, 329 F. 3d 1, 7 (1st Cir. 2003). As the Court of Appeals stated in Luciano:

> The judge has had the "opportunity to hear the testimony, observe the witnesses' demeanor, and evaluate the facts first hand." Id. We will reverse only if we are "left with the definite and firm conviction that a mistake has been committed. " [citation omitted]
>
> Id., 329 F. 3d at 7.

In this case, the two prosecution witnesses were inconsistent with each other on the key fact of whether Detective Turgeon had told Patrolman McMann of his desire to strip search Mr. Barnes. Given the inconsistencies the district court was well within the bounds of its discretion to find the facts reflected in the opinion granting the defendant's motion to suppress.

Finally, even if the Court of Appeals were to reverse the suppression order, there is still an important issue that a jury would have to decide: whether the cocaine base was intended for delivery or the defendant's own use. The defendant informed the Pre-Trial Services office that he was using increased amounts of cocaine base just prior to his arrest.

KENNY BARNES,
BY HIS ATTORNEY,

EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

CERTIFICATION

I hereby certify that I hand-delivered a copy of the within to Donald Lockhart, AUSA on the 14th day of July, 2006.

______________________